UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

CHRISTOPHER L. FULLER,

               Plaintiff,

v.                                                    Civil Action No._____

CREDIT PROTECTION ASSOCIATION, L.P.,

               Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Christopher L. Fuller, Plaintiff, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, Credit Protection Association, L.P., is a foreign limited partnership and collection agency, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Credit Protection Association, L.P. indicates its address for service of process in New York State as Credit Protection Association, L.P., C/O C T Corporation System, 111 Eighth Avenue, New York, New York 10011.

6. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

7. All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

8. Christopher L. Fuller is a disabled veteran that is currently collecting disability income from the Department of Veterans Affairs.

9. Plaintiff incurred consumer debt to National Fuel in connection with utility services that were for personal, family, and household purposes; as such, the subject debt is a consumer debt as that term is defined by 15 U.S.C. 1692a(5).

10. Plaintiff's disability, which was, in large part, suffered on the battlefield in Afghanistan, seriously impacted his ability to meet his financial obligations.

11. Subsequent to the origination of the subject debt, a payment default occurred.

12. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

13. On August 12, 2011, Defendant mailed to the Plaintiff an invoice indicating that the balance due to National Fuel was $477.65.

14. The Defendant's efforts to collect on the subject debt violated the FDCPA in several fashions.

15. In or about November of 2011, the Defendant placed a telephone call in an attempt to collect a debt after 9:00 pm EST.

16. On multiple occasions over the past few months, the Defendant informed the Plaintiff that it was going after the Plaintiff's credit, and that they would ruin his credit.

17. On several occasions over the past few months, the Defendant left voicemail messages at the Plaintiff's home. Plaintiff's voicemail messages were, in fact, overheard by the Plaintiff's girlfriend. Said messages communicated to the third party the presence of a debt, the identify of the caller, and that the call was an attempt to collect on a debt.

18. On several occasions over the past few months, the Plaintiff advised the Defendant that he was a disabled veteran. On one occasion, in particular, the Defendant's debt collector replied to Plaintiff's statement about being a disabled veteran by stating that so are a lot of other people in this country, that disabled veterans deserve no special treatment. The Defendant's debt collector then, in a nasty and demeaning tone, told the Plaintiff that her father had fought in the same war, further demeaning the Plaintiff, diminishing his service and diminishing his disability.

19. Plaintiff suffers from Post Traumatic Stress Disorder, and Defendant's statements were very troubling and unsettling.

20. Defendant's debt collectors routinely treated Plaintiff with disrespect, and often became loud, angry, nasty, and spoke to Plaintiff in a loud tone.

21. Defendant's violations of the FDCPA caused the Plaintiff to become upset, distressed, nervous, anxious, and suffer from emotional distress.

## CAUSE OF ACTION

22. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. § 1692b(1) by communicating with a third-party more than once.

    B. Defendant violated 15 U.S.C. § 1692b(2) by communicating to a third party that the consumer owes a debt.

    C. Defendant violated 15 U.S.C. § 1692c(1) by communicating with the consumer after 9:00pm EST.

    D. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third-party without prior consent nor express permission by a court of competent jurisdiction.

    E. Defendant violated 15 U.S.C. § 1692d by engaging in harassing, oppressive, or abusive conduct in connection with the collection of a debt.

    F. Defendant violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer.

    G. Defendant violated 15 U.S.C. § 1692e by using false, misleading, or deceptive representations in connection with the collection of a debt.

    H. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, and misleading representations in connection with the collection of a debt.

I.  Defendant further violated 15 U.S.C. 1692f by using unfair and unconscionable means to attempt to collect a debt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  December 14, 2011

> s/ Brad J. Davidzik
> _____
> Brad J. Davidzik, Esq.
> Attorney for Plaintiff
> Jeffrey Freedman Attorneys at Law
> 424 Main Street, Suite 622
> Buffalo, New York 14202
> (716) 856-7091
> Email: bdavidzik@jeffreyfreedman.com